

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

———————————

No. 07-20-00228-CR

———————————

JUSTIN WRAY DURHAM, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 278th District Court
Walker County, Texas
Trial Court No. 29093; Honorable Hal R. Ridley, Presiding

September 9, 2021

## MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Following a plea of not guilty, Appellant, Justin Wray Durham, was convicted by a jury of driving while intoxicated, third or more, a third degree felony.[1]  Punishment was assessed by the trial court at five years confinement.  The written judgment reflects imposition of a $100 fine.  Appellant presents a sole issue challenging imposition of the fine as not being authorized by article 102.0185 of the Texas Code of Criminal

---

[1] TEX. PENAL CODE ANN. § 49.09 (b)(2) (West Supp. 2020), § 12.34 (West 2019).

Procedure.[2]  For the reasons explained herein, we reform the judgment to delete the $100 fine.  In all other respects, the judgment is affirmed.

## BACKGROUND

Only a brief recitation of the facts is necessary given that Appellant's sole complaint is the imposition of a fine.  On February 21, 2019, he was stopped for driving irregularities.  The stop resulted in a third conviction for driving while intoxicated.  Although Appellant was convicted by a jury, he elected to have the trial court assess punishment.  At the conclusion of the punishment hearing, the trial court's oral pronouncement of sentence was as follows:

> [h]aving been found guilty . . . of the offense of driving while intoxicated third or more, the Court is going to sentence you to five years in the Texas Department of Criminal Justice Institutional Division . . . .

There was no oral pronouncement as to the fine.  As relevant here, the summary portion of the written judgment reflects the date of the offense as "02/21/2019" and the fine of $100.

## APPLICABLE LAW

Effective January 1, 2020, the Legislature amended article 102.0185 of the Texas Code of Criminal Procedure, entitled "Fine for Intoxication Convictions:  Emergency Medical Services, Trauma Facilities, and Trauma Care Systems."  The statute provides that when a person is convicted of an offense under chapter 49 of the Texas Penal Code (*Intoxication and Alcoholic Beverage Offenses*), except for sections 49.02 and 49.031,

---

[2] Originally appealed to the Tenth Court of Appeals, sitting in Waco, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts.  TEX. GOV'T CODE ANN. § 73.001 (West 2013).  Should a conflict exist between precedent of the Tenth Court of Appeals and this court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court.  TEX. R. APP. P. 41.3.

the person shall pay a fine of $100 on conviction of that offense. TEX. CODE CRIM. PROC. ANN. art. 102.0185 (West Supp. 2020). Prior to the amendment, article 102.0185 was entitled "Additional Costs Attendant to Intoxication Convictions: Emergency Medical Services, Trauma Facilities, and Trauma Care Systems." *See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, § 2.38, 2019 Tex. Gen. Laws 3981, 4005-06. The Legislature substituted "fine" for "costs" throughout the statute. The Legislature expressed that the amendment applied only to an offense committed on or after the effective date and the former law applied to offenses committed before the effective date. *Id.* at 4035.

### ANALYSIS

Appellant posits that the imposition of the $100 fine was not authorized under article 102.0185 of the Code because the offense occurred on February 21, 2019, before the amendment's effective date of January 1, 2020. He requests that the portion of the judgment imposing a fine be reversed rather than reformed on the basis that the applicable version of former article 102.0185 has been declared unconstitutional. *See Richardson v. State*, 606 S.W.3d 375, 384 (Tex. App.—Houston 2020, no pet.) (finding former version of statute unconstitutional because the Legislature did not explicitly direct that the funds be used for criminal justice purposes); *Casas v. State*, 524 S.W.3d 921, 926 (Tex. App.—Fort Worth 2017, no pet.) (finding former version of statute akin to a tax and facially unconstitutional).

The State concedes the fine was improperly imposed but argues the judgment should be reformed, not reversed, to delete the $100 fine. Also, the State notes that the Tenth Court of Appeals (the transferor court) has not written on the constitutionality of former article 102.0185. After an analysis of whether former article 102.0185 assessed

3

court costs for legitimate criminal justice purposes,[3] the State "agrees with Appellant that this Court should find facially unconstitutional the application of" former article 102.0185 which provided for assessment of $100 in costs.

When, as here, a case can be resolved on non-constitutional grounds, we need not address constitutional claims. *See In re B.L.D.*, 113 S.W.3d 340, 349 (Tex. 2003) (recognizing that courts only decide constitutional questions when issues on non-constitutional grounds cannot be resolved). Having determined that the $100 fine was improperly assessed, it is unnecessary for this court to address the constitutionality of former article 102.0185. Appellant's issue is sustained as to the $100 fine, but only to the extent that we modify rather than reverse that portion of the judgment.

The trial court's *Judgment of Conviction by Jury* is reformed to delete the assessment of the $100 fine. The trial court is ordered to enter a *Judgment Nunc Pro Tunc* to reflect this reformation. The trial court is directed to provide a copy of the corrected judgment to the Institutional Division of the Texas Department of Criminal Justice and the clerk of this court.

### CONCLUSION

As reformed, the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

---

[3] *See Salinas v. State*, 523 S.W.3d 103, 109 (Tex. Crim. App. 2017) (clarifying that a statute that imposes costs to offset future criminal justice expenses must expressly allocate those funds toward an account "to be expended for legitimate criminal justice purposes."

4